EXECUTORS AND ADMINISTRATORS ⬦⇒283—CLAIMS AGAINST ESTATE—PROCEED-
INGS AND DETERMINATION.

A proceeding under Code Civ. Proc. § 2687, to compel payment of a
claim derived from a judgment creditor of deceased insolvent, in which
numerous creditors appeared and there was a contest as to priorities,
will be dismissed without prejudice, where an accounting of the estate
was pending, in which all the interested parties were before the court, and
in which, under section 2728, a supplemental citation might issue to all
parties interested, and in which if it appeared that there was a surplus
for distribution, their rights might be finally and conclusively adjudicated.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1120–1131;  Dec. Dig. ⬦⇒283.]

In the matter of the estate of Henry Belden.    Proceeding to compel
payment of a claim derived through a judgment creditor of deceased.
Dismissed.

Brush & Crawford, of New York City (John J. Crawford, of New
York City, of counsel), for petitioner.

Charles L. Craig, of New York City, for administrator.

Henry W. Eaton, of New York City (Earl A. Darr, of New York
City, of counsel), for claimants Phillips & Avery.

Murtha & Hanson, of New York City, for Marion Hansen.

Charles W. Leeman, of Brooklyn, for Florian Groshean's execu-
tors.

FOWLER, S.    This proceeding to compel payment of a claim was
instituted on the petition of a person who claims an interest through
a judgment creditor of the decedent, and is governed by section 2687,
C. C. P.

It is conceded that there are not sufficient funds in the estate to pay
all the debts.    Many creditors have appeared in this proceeding, and
there is a contest as to priority between some of the judgment cred-
itors.    I am of opinion that these questions can only be properly de-
cided in an accounting proceeding, in which all parties interested are
before the court, rather than in a proceeding where only some of the
creditors and none of the legatees are parties.

There is now pending in this court an accounting proceeding in this
estate.    If it appears in the pending accounting proceeding "that there
is a surplus attributable to creditors or persons interested" (section
2728, C. C. P.), a supplemental citation may issue to all parties inter-
ested in the estate for a final and conclusive adjudication concerning
the rights of every one interested in the estate.    Such a final decree
would necessarily dispose of the very questions raised in this proceed-
ing.

I will therefore dismiss the petition, without prejudice, however, to
the enforcement of any rights of the petitioner in any other proceeding
or action.